UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO: 4:19-CR-179 |
| | ) | |
| JAMES CHAPMAN | ) | |

## ORDER

Pending before the Court is the United States' Motion for Reciprocal Discovery ("Motion"). Doc. 27.

The Federal Rules of Criminal Procedure impose upon a criminal defendant certain disclosure obligations. *See, e.g.*, Fed. R. Crim. P. 12.1, 12.2, 12.3, 16(b), and 26.2. In its Motion, the United States represents that it has complied with its discovery obligations and has provided liberal discovery in this case. The United States further asserts that it requested reciprocal discovery from Defendant beginning in November 2019 but that no discovery has been produced. Doc. 27 at 1.

Defendant did not respond to the United States' Motion. "Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." S.D. Ga. L.R. 7.5; *see also* S.D. Ga. L.Cr.R. 1.1. Recognizing that "both parties in a criminal case are entitled to a fair trial, and the Court will not permit defendant to gain a tactical advantage over the prosecution by shirking its reciprocal discovery obligations," the United States' Motion is hereby **GRANTED**. *United States v. Eichholz*, No. CR409-166, 2009 WL 3754201, at *2 (S.D. Ga. Nov. 9, 2009).

Accordingly, Defendant shall, within 14 days of this Order, produce the following items to the United States or certify in writing to the United States that no such responsive items exist: (i) items subject to disclosure as listed in Federal Rule of Criminal Procedure 16(b), including documents and objects, reports of examination and tests, and expert witnesses; (ii) notice of an alibi defense in compliance with Federal Rule of Criminal Procedure 12.1 that states each specific place where the defendant claims to have been at the time of the alleged offenses,[1] and the name, address, and telephone number of each alibi witness on whom the defendant intends to rely; (iii) written notice of an insanity defense and expert evidence of a mental condition, in compliance with Federal Rule of Criminal Procedure 12.2; (iv) written notice of any actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense, in compliance with Federal Rule of Criminal Procedure 12.3; (v) any defense witness's statement in Defendant's possession, other than his own statement, that relates to the subject matter about which said witness will testify at trial. Defendant is also instructed to promptly disclose any discoverable material in which it becomes aware as part of its continuing disclosure duty.

SO ORDERED this 24th day of February, 2020.

*Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The United States' Motion specified the time, date, and locations of the charged offenses. Doc. 27 at 2.